Susan A. Hemb, SBN 234211
HEMB LAW GROUP
420 Bullard Avenue, Suite 105
Clovis, California 93612
Telephone (559)241-7050
Facsimile (559)241-7052
susan@hemblawgroup.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In Re:<br><br>SUSAN A. SCHOLZ-KEYTON<br><br>Debtor, | Case No.: 16-14562-A<br><br>Adv. No.<br><br>Chapter 7 |
| SUSAN A. SCHOLZ-KEYTON<br><br>Plaintiff,<br><br>Vs.<br><br>DEBT MANAGEMENT AND COLLECTIONS SYSTEM U.S. DEPARTMENT OF EDUCATION, EDUCATION CREDIT MANAGEMENT CORPORATION, NAVIENT CREDIT FINANCE CORPORATION and DOES 1-10;<br>Defendants. | Date: TO BE SET<br>Time: TO BE SET<br>Place: 2500 Tulare Street<br>Department A – Judge Clement<br>Fresno, CA 93721 |

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(8)

Susan A. Scholz-Keyton, Debtor and Plaintiff ("Plaintiff") in the above captioned adversary proceeding, represents as follows:

1. Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on December 20, 2016. Trudi Manfredo was the duly appointed Chapter 7 Trustee. Plaintiff's discharge will be entered barring any unforeseen issues on or about March 20, 2017. This complaint seeks to determine the dischargeability of two (2) consolidated student loan account(s) as an undue hardship for Plaintiff. Upon information and belief, these two (2) consolidated loans were originated by Sallie Mae through the United States Department of Education and subsequently were assumed by Education Credit Management Corporation ("ECMC"), Navient Credit Finance Corporation ("Navient") and Debt Management and Collections System. Plaintiff alleges upon further information and belief that ECMC serviced the consolidated loan for subsidized loans for the United States Department of Education and Navient serviced the consolidated loan for the supplemental loan for the United States Department of Education and that Debt Management and Collection System of the United States Department of Education is servicing ECMC and Navient.

2. Based upon information obtained on or about January 5, 2017, received by Plaintiff via her online access to her Federal Student Aid account, Plaintiff is informed and believes and on this basis alleges that these two (2) consolidated loans are now owned by Debt Management and Collections System U.S. Department of Education.

## JURISDICTION

3. Defendant(s), Debt Management and Collections System is an office of the United States Department of Education which is a government agency that maintains its principle place of business in Washington, DC; Education Credit Management Corporation ("ECMC") is a private corporation that maintains its principle place of business in Oakdale, MN and Navient Credit Finance Corporation ("Navient") is a private corporation that maintains its principle place of business in Uitca, NY. Defendant(s) engage in business in the Eastern District of California.

4. Jurisdiction exists under 28 U.S.C. §1334. Venue is proper under 28 U.S.C.§1409. The District Court for the Eastern District of California has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. §157(a) and United States District Court Orders 182 and 223. This is a core proceeding within the meaning of 28 U.S.C.§157(b)(2)(I). This adversary complaint is brought pursuant to 11 U.S.C.§523(a)(8).

## FIRST CAUSE OF ACTION

5. Plaintiff is indebted to Defendant(s) in the approximate aggregate sum of $17,184.00 arising from three (3) Federal Family Education Loan ("FFEL") Stafford Subsidized Loans obtained on February 7, 1990, September 21, 1990 and January 9, 1992 which were consolidated into one loan on or about July 1, 1998 and one (1) FFEL Supplemental Loan obtained on January 10, 1992 which was consolidated into one loan on or about July 1, 1998 all bearing account number 557579769.

6. Plaintiff attended National Education Center in San Francisco, California from August 1990 through May 1991. The curriculum Plaintiff studied was to become an Optometric

Technician. The school offered job placement. Plaintiff was told during every interview that she needed to be Board Certified; National Education Center did not offer the courses for certification, thus making this "degree" received useless. Plaintiff received no benefit from this "degree".

7. Plaintiff then attended Dickinson Warren Business College in Richmond, California. The curriculum Plaintiff was studying was for Computerized Accounting. She began the program in January 1992, and the program was closed in October 1992 due to the College inability to secure a teacher for the program. This College has since filed bankruptcy. Plaintiff received no benefit from this program.

8. Requiring Plaintiff to repay these debts will impose an undue hardship on the Plaintiff as contemplated under 11 U.S.C.§523(a)(8).

9. Based upon Plaintiff's current income and expenses, her future earning ability and health related concerns including but not limited to: Low Vision since childhood and possible loss of total sight due to detached retina surgery that left scar tissue and created premature cataracts' which required additional surgeries which caused additional scar tissue for which Plaintiff will no longer be able to continue employment, thus Plaintiff cannot maintain a minimum standard of living if forced to repay the loans. Plaintiff believes that her economic state of affairs is likely to persist for the remainder of the repayment periods regarding each consolidated loan and she has already made good faith efforts to repay the consolidated loans.

**PRAYER**

Wherefore, the Plaintiff prays as follows:

1. That this Court determine that the debts in the approximate aggregate amount of $17,184.00 owing to Defendant's is dischargeable;
2. That the Court enter Judgment declaring the debts dischargeable;
3. That Plaintiff have such other and further relief as the Court deems appropriate.

Dated: February 23, 2017

SHemb

Susan A. Hemb, Attorney for Debtor/Plaintiff